Good morning, Your Honor. This is Ted Samsel Jones. It is I who represent the appellant, Mr. Gear, and with the court's permission, I would like to reserve two minutes for rebuttal. Thanks for the clarification, and you may begin. Certainly. Thank you again, Your Honors. The appellant in this case is a 60-year-old man with no prior criminal history who is now facing over a year in federal prison and likely deportation because he possessed a bolt-action .22 caliber rifle in a locked gun safe in his garage. Your Honor, Mr. Gear was tried and convicted by a jury, but he was tried and convicted before the Supreme Court issued its opinion in Rehaef, and as a result, the jury did not make a complete finding of guilt. It did not find him guilty of each element of the offense. Following his conviction, the Supreme Court in Rehaef held that the government must prove that a defendant knows his status as a person barred from possession, and the jury never made such a finding in this case. In fact, the jury was instructed explicitly to the contrary. Possession for an innocent person does not legally excuse the charged offense. Your Honors, what we are seeking in this case is a new trial, a remand for a new trial, where both sides will have the opportunity to present evidence and argument on the Rehaef knowledge element to make a complete finding of guilt or not. So, Counsel, what's the knowledge element that needs to be proven by the jury? Your Honor, I think that is, there's a threshold dispute here between us and the government on that question. I think different circuits have taken slightly different approaches. In our view, the best approach is what the Second Circuit initially specified in Baldy. The defendant is required to know that he or she is in a prohibited category. So, that is what we think on a new trial the jury would be instructed that it must so find beyond a reasonable doubt. Oh, what's the prohibition? Go ahead, Judge Silver. If that's the and is the district court wrong in concluding that he had that his knowledge that he had an H-1B visa, why isn't that sufficient? Why do we need a remand? And I guess at the same time I'm asking, is the standard of review clear error? Your Honor, our position is the standard review is ordinary error. But even if the government is correct that it should be plain error, we think reversal is still warranted. Tell me why. Tell me why that, you know, it's your obligation to show that there was a reasonable probability, but for the error the outcome would have been different. Your Honor, I think assuming the plain error standard applies, what the Ninth Circuit has held in several cases including Conti, is that when it comes to the third prong of the plain error test, it is still the neater standard that applies. It is still the neater standard that governs that third prong of plain error, meaning that there must be both overwhelming and uncontroverted evidence to the omitted element. And in this case... Well, here's the evidence as I understand it that was presented at trial. When he was admitted in 2007, he was given a specific date when his H-1B visa would expire. And that's right in the record of the District Court opinion. And he told the search occurred that he wasn't allowed to possess a firearm. And his trial counsel at trial said Mr. Geer knew that he could not possess a firearm. And the evidence was also presented that Mr. Geer was involved in applying for the H-1B visa and the application itself stated non-immigrant. Why isn't that enough? Why Your Honor, I would say one thing that's important to remember here is that we are not raising an insufficiency of evidence claim. You're absolutely correct that there is some evidence in the record supporting a finding on that element. But the question is whether it is overwhelming and uncontested. And I think the answer is no. And here's why. Even assuming the government is correct, the knowledge requirement for Rahafe would mean that Mr. Geer had to be aware that his H-1B visa was a, and I'm here quoting the statute, a non-immigrant visa as that term is defined in section 101 A-26 of the INA. But that can be established by circumstantial, certainly if he had said, don't you agree? And the statute still is. There has to be a reasonable probability that it would have been different. So you take a look at all the evidence that was presented. Am I wrong? I don't think the reasonable probability is the standard that this court has applied when the question is an omitted element of the offense. I believe that the most recent case that I'm aware of, which was a June 25th, 2020 case, said there has to be a plausible basis for concluding. You're referring to Johnson, I'm assuming? That the air free retrial might end more favorably. Your Honor, what this court said in Johnson is that the defendant has to have some plausible argument that there would have been a different result. So let me, let me draw this out of it. What the court said in Johnson, and again, that was a felon in possession case. So different, different case than the immigration cases. What the court said in Johnson is in that case, the defendant was in prison for three years. So it was absolutely undoubtable that there's no plausible argument that he wouldn't have known he was a felon. And the court specifically said, and quoting the Supreme Court opinion itself, it said, this would be different if, for example, he had only received a probationary sentence. Because someone who only received a probationary sentence might have a plausible argument that he didn't know he was a felon. And I think we, in this case, and it's again, it's a different statutory provision. It's the G-5B provision instead of the felon in possession provision. We fall very much in that latter category. Because here's why. When Minister Geer initially entered the country, he did so on a different visa, an E-3 visa. He switched to an H-1B precisely because he hoped and planned to immigrate. Married someone here. He started a business here. He moved all of his possessions here. There is no question that his plan was to immigrate. And he switched to a visa that is a dual intent visa. It is a visa to express an intent to remain in the country. And that is, in fact, what he intended to do. So I think that is a plausible argument, at a minimum, that he had some, that he might have been mistaken, that his visa, the H-1B, was a quote, non-immigrant visa, as that term is defined in Section 101A-26 of the INA. It's the kind of... So, am I correct that you and the government are actually not that far off? You both believe that the knowledge element is that the government had to prove that the person here knew that his visa was a non-immigrant visa. Is that correct? I agree we're not that far off, yes. Okay, because some of your briefings suggested that you have, that the government has to prove an additional step, that he also knew it violated 922 G-5. But where does that come from? You know, I think this is, what I think that comes from is the language of Rahaf itself, where it says, the government must prove that you know of your status as a person barred from possessing a firearm. And similarly, you see this in Baldy in the Fourth Circuit. They say, you have to prove knowledge of prohibited status. Now there's... But Rahaf itself didn't go that far. It just said that he had to know he was a moth-lalian. He didn't have to know that that also violated 922 G, I think, 5A. True, your honor. And let me just, I'll quote Rahaf. The defendant must know his status as a person barred from possessing a firearm. And admittedly, your honor, there's some kind of ambiguity in that. I think the difference between our position and the government's position is a difference in how we interpret that ambiguity. You have to just know the Fourth Circuit have fallen on one side of that. The Seventh, as the government pointed out last weekend at 28 J, has fallen on the other side. Your honor, at the end of the day, I don't think it makes any difference to the end result. Because I think the knowledge that he had a non-immigrant visa, that highly technical term of immigration law, was not overwhelming or uncontroverted. I'm sorry, that's what the District Court found too, right? She found that if the knowledge element was knowledge of a non-immigrant visa, that the government didn't sustain its right? No, your honor, that's not quite right. The District Court said he only has to know that he has an H-1B visa. I think on appeal, though, both we and the government agree he has to, there's more than that. He has to know that his H-1B visa was a quote non-immigrant visa, as that term is defined in the INA. Right, but I'm sorry, go ahead, Judge Silver. Okay, let me ask you this, though. In order to know that it is a non-immigrant visa, that you have a non-immigrant visa, isn't that defined, don't you have to go through sort of a, as I like to say, a mishmash of defining what a non-immigrant visa is? Because that's defined by law, and then if you follow the process of getting to what a non-immigrant visa is, there's a definition for alien, there's not a definition for non-immigrant, there's a definition for immigrant visa, and then you go from there to non-immigrant visa, and you come to the point where there is a definition of an H-1B visa. So how would you propose the instruction, assuming that this is going to be remanded, and that we were to agree with you that there had to be proof of a non-immigrant visa, wouldn't that have to be defined as to what that is? Your Honor, I agree with you 100% that it is a mishmash, and it's very complicated, which is precisely our point here, and that that is why it's a plausible argument that you might not have known. And yes, I think what the jury would be instructed would simply be to mirror the language of the statute. The government must prove, at a minimum, even assuming the government is correct, that Mr. Geer knew he had a non-immigrant visa as that term is defined in the INA. And I think there... There are other non-immigrant visas. Indeed. There's our visa, there's the SR visa, so that's not enough, right? If you look at the definition of non-immigrant visa, you don't have a clear definition like you have with felon in possession, which is a stat, or yes, felon in possession, which is a year and a day. That's pretty simple. That is absolutely correct. If you have to, non-immigrant visa could mean a lot of different things. Which is precisely there's a reasonable probability that Mr. Geer was mistaken about that fact. Which is... Well, you have to look, but you know, reasonable probability, you have to look at, as the district court judge did, in a number of findings on the record as to what the evidence was that was presented. Yes, but I see a lot of times where you answer that and... You have to be able to show the outcome would be different. A plausible basis that the outcome would be different. And why? What would you offer to establish the outcome would be different? I didn't see anything in the record to show that he would offer that he didn't have the knowledge. So we're looking at the record to show sufficient evidence or not. But again, Your Honor, it's not a question of insufficiency under Jackson versus Virginia. It is a question of whether the omitted element was proven by overwhelming and uncontroverted evidence. That is the standard that applies here. And we don't think the record has that, and we think there is the record, even the existing record, where Mr. Geer was precluded from presenting evidence to the contrary, there's a plausible basis for a contrary finding. Well, that's what you just said. It's the way I read the law, too, to determine whether or not there's clear error. And that's whether there's a plausible basis that the error-free retrial might end favorably. And as I look at the record, that's why I'm asking you, what's the plausible basis based upon the record? And we're making this determination as to the third prong, making the determination of whether the Nieder standard is satisfied. Give me the evidence, the, let's say, stipulated evidence that you would offer that there's a plausible basis. Well, again, one difficulty here is that Mr. Geer didn't testify because the court precluded all this evidence prior to trial, which is exactly what you're saying. But that's speculative. But Your Honor, I mean... We're looking at the appeal as it is. And if he had testified or he'd offered an affidavit that say, for example, that if the law was otherwise, and then he would have preserved the record. If the law required knowledge, this is what I would testify. Well, here's what the evidence is in the record. He switched from an E-3 visa to an H-1B visa precisely because he planned to stay. He moved all of his possessions here. He was planning to immigrate. He started a business here. He got married to an American citizen. He was planning and hoping to remain in the United States permanently. And I think that by itself provides some plausible basis where someone might say, I thought I was now here on non-immigrant, I was here on immigrant status. And again, Your Honor, just one, and I realize I'm over at this point, but this is exactly what happened in Rahaf. And when Rahaf was remanded to the district court, the district court said, listen, it's hard to tell in the current record because I prevented you from contesting your knowledge at trial. So I need to give you a new trial now because you were precluded from presenting evidence on this element the first time, and you've got some plausible basis that might work. So that's why it's up to a jury to determine the element. Well, are you saying, and you're helping me with Rahaf, but are you, it seems to me that if that wasn't offered at the trial in Rahaf, there always would be a clear error. He could say, gee, this is what I would have offered. And then we don't look at the record. Your Honor, and I think this is what the, this is back to what you noted, the Ninth Circuit's recent decision in Johnson. I think what the court expressed there is, first of all, it's not just the trial record, it's the record as a whole, because obviously if there's evidence that's excluded, you may take that into account as well. And it's a judgment call about whether there's a person for three years obviously knew he was a felon, whereas, for example, someone who was on probation might have made a mistake about that fact. And that's exactly, it's a judgment call of whether there's a plausible argument. And I think here there is, precisely given the facts that Mr. Geer was indeed hoping and planning to immigrate, switch to a dual intent visa for that purpose. Counsel, question. If we agree with you that the District Court erred in finding that the knowledge only required knowledge of the H1B1 visa, do you want us to decide that clear error standard, or should we remand to the District Court for her to determine whether or not the evidence is sufficient under the correct, what we believe is the correct standard, a knowledge of it being a non-immigrant visa? I think you could do either, Your Honor. I think either way, a remand is required. I think you could, on this record, you could make the finding. I mean, this is, the application of the plain error standard is to novel review here. There's not deference to the District Court's finding on the third or fourth prong of plain error. So I don't think remand is necessary here. Certainly, you know, given the fact that the District Court is better understanding of the evidence, you could do that. One last question, is your client in custody? No, Your Honor, the District Court made a finding that Mr. Geer had a substantial question on appeal, that he was not a danger or a flight risk. So Mr. Geer has been granted bail pending this appeal. So let me ask you this, though. Can you give me a case where the standard on determination, after there had been a trial, as to whether or not there's clear error? Clear error is a standard for the appellate court. Yes, I think plain error, Your Honor. I think, I mean, Rahafe is, this is similar to what happened in Rahafe itself, where the Supreme Court found an error and then remanded the case to the 11th Circuit, and the 11th Circuit in turn remanded it down to the trial court for determination of harmlessness. So that's a... Well, isn't that because the error had been preserved, and that's why in the 11th Circuit, you agree with me on that. But here, I haven't been able to apply in any situation where, if the standard is clear error, and it seems to me that that's what you're embracing, that it's ever been remanded for the District Court to make that determination. Your Honor, I would just distinguish between, I think there's maybe two different analytical questions. One is the question of whether there's additional deference to the District Court's findings, which there isn't on plain error review for an instructional mistake. And the second question is, what is the appellate standard review in terms of addressing the error itself, plain error? So those, I think, are slightly different analytical concepts here. So we're not... I think it's not... The ordinary approach in the 9th Circuit is not, when doing plain error review, even though it is a less searching standard when it comes to the harmlessness inquiry, it does not necessarily imply additional deference to the District Court's fact finding. Thank you. We'll give you still two additional minutes for rebuttal because I know we asked you a lot of questions. Thank you, Your Honor. Silverberg, you can begin. Good morning. May it please the Court, and good morning, Your Honors. Marshall Silverberg on behalf of the United States. I think there is some confusion I'd like to clear up. Mr. Sampson, Sampson has changed the position that they've written in their briefs. In their briefs, they argue knowledge of illegality needs to be proven. I'm hearing that he's backed off of that, that he agrees that knowledge of status is what we need to prove. So I don't know if the Court wants me to address the knowledge of illegality issue anymore. It sounds to me that he's backed off of that. I think you should focus on the knowledge of status. Okay. So I think, first of all, I'd like to say is, I think Mr. Sampson has mischaracterized what Judge Mulway held. So in her order denying, granting the government's motion to eliminate number one, she did not prevent the defendant from putting on any evidence at all. The ruling was limited to whether or not he could argue that he innocently possessed the firearm because he had it for a period of time, or because he didn't know his ex-wife was going to send it to him. It had nothing to do with his knowledge of status. By arguing that, doesn't that preserve the error though? I don't see how. The error he's claiming now is that he had no right or ability because of the order to put on knowledge of status. She never limited the evidence at all, and she certainly didn't limit the evidence about his that knowledge of status is an element. And so why is that question not preserved? She never ruled on it, that's why. She said, this is not about jury instructions. This is only about the issue of knowledge of possession as being a defense, innocent possession being a defense. It had nothing to do about knowledge of status. And she made it very clear that she wasn't preventing him from putting on evidence at all. So he raised this issue, and then he dropped the issue when we were in the judge's chambers to go over jury instructions. So by that time, he was no longer... He had affirmatively dropped that whole knowledge of status issue. That's why we argued favor. I mean, his argument is that it's futile because Ninth Circuit law at the time precluded it. And so by raising it and then not wasting court's resources to argue over an issue that's been precluded by Ninth Circuit, why is that not enough to preserve it on appeal like he did here? Because Rule 30D specifically says that if you're going to object to a jury instruction, you have to make it clear to the district court. How did the district court possibly know that he was objecting to that jury instruction because... And that he was not objecting because of some futility argument. Rule 30D, which he never discusses in his opening or in his reply brief, specifically says that unless you specifically object to a proposed jury instruction, you've waived it except for a plain error on the Rule 52B. Well, if we adopt your position, then defendants are gonna object to everything, everything the Ninth Circuit has ruled. If there's clear case law precluding it, I don't know you're gonna get too far on this waiver argument because jury instruction conferences will last days as defendants will try to preserve every single argument, even though there's clear Ninth Circuit case laws. I just don't think the waiver argument's gonna... So do you say, counsel, that the only way he could have raised it would have been, gee, I'm hoping that the Ninth Circuit will be overruled by the Supreme Court, and then he would have preserved it? Well, that's what the defendant, Rehave, did. He objected to the government's jury instruction saying that the government did not have to prove his knowledge of his status, and so he preserved it. Rehave did it. Why could Geer not have done it? That's right. So let me ask you this, though, and you have consistently said that the knowledge requirement, the status requirement, has to be that he knew that he had a non immigrant visa. Yes. I have gone through all of this, the... I'm not an expert on it, perhaps you are much more than I am, going through the analysis and the statute as to what constitutes a non immigrant visa. And as a matter of law, what that means, I think you have to dig down and get granular because there's no real definition of a non immigrant visa. You have to go through all the machinations to get there, and then what you would get in this particular case is the type of non immigrant visa he had was an H1B. So that's why I'm looking at this as if that was sufficient in this case, and that in the future, because there are so many different kinds of non immigrant visas, like I mentioned, an R visa, an SR visa, that that's not enough. I mean, the jury instruction has to be clear that as it is based upon the facts. So do you agree with me that non immigrant visa may not be enough, and that if we are to give guidance to a trial court in the future, assuming that we uphold the district court, we need to say something about what is required in the instruction to the jury, and not and more than a non immigrant visa, meaning the particular kind of visa. And that and the analogy I would draw from this is the Staples case on on the question of whether or not someone has to that they possessed a machine gun, they have to know more than they merely possess the machine gun, they have to know some of the detail. So I think again, you know, the defense, Mr. Geer has not appealed Judge Mulway's ruling. So that really is not my understanding as to what's before the court at this point, the standard Ninth Circuit model jury instruction, which was adopted at the Rehave, says that the new fourth element is the government must prove the defendant knows his status. So it is. That's true. But then in that model instruction, it cites the law. But if you look at the law, the law on the non immigrant visa says, as specified. Now that the model instruction, I take issue with the model instruction, because I think you have to go deeper. And that non immigrant visa isn't enough. And I understand why you are suggesting that, because certainly that is in the model instruction. But I think and that's why I get to the point here that the instruction that was given and the finding by the judge that we had an H one B visa, which was a non immigrant visa, was sufficient. I don't know if that's sufficient or not. We're arguing the higher standard approved. That is that the defendant knew that he possessed a non immigrant visa. And if I can, I only have a couple minutes. I'd like to show you what the evidence is as to that, because I believe it's overwhelming and uncontroverted, even though that's not the standard that we have to be. But counsel, didn't the district court say that if you are right, that the government's position is right, that it's knowledge of a non immigrant visa that that the government couldn't sustain its burden. So I'm talking about PR 14, where in the bond appeal, she says that I don't think the government could ever secure conviction under that knowledge standard. See, I think what Judge Moway was saying there is that the government has to prove that the defendant knows that particular types of visa like an H one B visa is a non immigrant visa. And what she did not have in front of her, because that was my fault, is the fact that the petition, the application for this visa says right on it that it's a petition for a non immigrant worker, which is the application for the visa. And the testimony from the defendant's wife is that the defendant helped prepare that application. What was that exhibit ever admitted to the jury? Yes, it was, Your Honor. So during Ms Kavanaugh's cross examination and said ER 72 and a 1 10 that came into evidence. So not only did it come into evidence, but I went through the some of the provisions with her. And if you have the exhibit in front of you, I could just show you. So it's page six of the supplemental expert excerpts of record. It says right on there at the top petition for a non immigrant visa. On the second page, it says what's the requested non immigrant classification? It says one H one B visa. And then on the third page, it says, What's the current non immigrant status? And the answer was H one B specialty occupation. The top councils, since that evidence wasn't before the district court judge with doesn't make sense for us to just remand it and let the district court decide whether or not there's harmless or plain error. I don't think so. They're not appealing. Judge always if they had appealed her ruling that I would agree with you. They didn't appeal that. So it's almost as if it was never issued because they did not appeal her. It was an order denying a motion for the trial. They've appealed the conviction. Not that not judge always order. But Judge Malloy, uh, agree that there was an error and made a harmless error finding, which we all agree now was probably based off a wrong, uh, view of the law, right? So if they have appealed it, like I said, I would agree with you. Then the remand based upon the complete record would be warranted. But here and I made a mistake because I didn't offer it in my case in chief. And frankly, I've forgotten it came in through the cross examination of the defense witness. Miss Cavanaugh was their witness, and that's how it got before the jury. But once it was before the jury, it was published to the jury. The record's clear as to that it was. I had put in a testimony regarding the document. The other testimony about his knowledge is also overwhelming. What makes a visa nonimmigrant visa is that there's an expiration date. You have to leave the country. It's really is a simple as what makes a crime a felon in terms of it being more punishable by more than one year imprisonment. If a visa has an immigrant visa. Well, let me ask you this, though. Where in the statute is there a definition of a nonimmigrant visa? I don't. I think regulations. Your honor, the code of federal regulations, the regulations define nonimmigrant visa as opposed to the statute itself and that he's supposed to know what the regulations say. No, that's why I'm getting to this issue about if you give it if he's required to show that it's a nonimmigrant visa. Why isn't it enough to show that he knew it was an H one D visa, which is a nonimmigrant visa as opposed to all the other nonimmigrant visas? I mean, that to me is a legal question. And then if it's in the regulations, I'm just really having a problem with your argument there, and I'm agreeing with or thinking I'm not. You know, I'm unclear on this, and that's why I'm asking you that Judge Malloway may well have been correct that whether even though this let me ask you this. Is the standard of review clear error or plain air? It's not clear. It's plain error. So I don't think they're on appeal. It's not. We're not dealing with an issue of harmless air. That's right. This is not harmless air issue, which, if it was, then it would be your burden. It's a plain air. And so if it's a plain air issue that that's the burden of Mr. Gear, correct? No, no doubt about that. Okay, so we stop there. Then if it's if it's plain air, don't we look at the record to see if it was plain air and you're arguing, and I think it's more you're saying there's a heightened standard that he has to show. You have to show that he knew it was a nonimmigrant visa. There's where I'm having a problem, right? I could have gone with the I could. I'm sorry. I could have gone with the easier way. Just say the government had approved. He knew he had an H one B visa, which is what Holloway found. Because if you work your way down and if you give the jury an instruction, you had to know it was a nonimmigrant visa. Yeah, I'm sorry. I didn't mean to interrupt. I'm sorry. So, uh, she may be right, and that's an easier way for the government to win this case. But we went with what the statue itself said. The statue says you have to prove that the defendant is in the United States under a nonimmigrant visa. So could we have said that Judge Muller is right? Yes, we could have done that. But what I wanted to say was based upon the application for the visa and the testimony from the defendant's wife that he jointly prepared that application, there cannot be any doubt that the defendant knew exactly what he was getting. And that was a nonimmigrant. Please stop you for a second since you were going in the direction that that I thought might be correct. But I'm not clear yet. Do you agree that if you go to the statute, not the model instruction, it says nonimmigrant visa as specified, and then it sets forth and where you go to determine if it's a nonimmigrant visa. Correct? Right. But the definition is is pretty vague in the immigration statute. The definition Yeah, that's the problem with submitting it to the jury is that you have to have a definition. You see, I don't I don't think so. I think all you have to do well here, you know, they stipulated that this visa was a nonimmigrant. Well, that's right. But I'm just talking about right. So had they not stipulated that in this whole dual intent thing seems to be that they're backing away from the stipulation that came into evidence at trial that this was a nonimmigrant visa. So the only real question is, did he know that this visa that he had was a nonimmigrant visa? The case law says that there are two types of visas, immigrant and nonimmigrant. And the difference is a nonimmigrant, you have to leave the country at some point. So it's like the difference between being an American citizen and not being an American citizen. It's clear, there's a clear demarcation. This defendant told the agents that he could not lawfully possess a firearm. I mean, he knows exactly what he's doing. He's a world traveler. If you look at Exhibit 43, it shows he's traveling all over Africa. The testimony from his wife was he was traveling all over France. They were on the river. Do you agree that the district court found that if that the government's position is right, that they have to prove get knowledge of a nonimmigrant visa, that the government, the district court said that that gear has a non-frivolous argument that the government's evidence does not resolve that issue. What are we supposed to do with that finding? Well, that was just an issue in appeals. She also said she didn't think he was going to win, but that it was a non-frivolous issue in terms of the standard bail pending appeal. And so how is that plain error if she thinks that it's that it's possible he wins? Well, it's possible. It's the standard is non-frivolous. So we haven't argued that it's a frivolous issue. We're just saying under the law, he loses because well, I mean, it seems that at least it's not overwhelming, which is, I think, the standard. You see, we strongly disagree that that's a standard on the United States versus Ben and more and every other post ray have case in this circuit. The standard has been what Judge Silva said it was. He has to show the burdens on him to show a reasonable probability that but for the error, the outcome would have been different. Not that it's overwhelming, like it says in But under Ben and more, which is a published decision, it has to be a reasonable probability. He has to show reasonable probability that the outcome would have been different. There's absolutely no evidence in the record that says that he did not know this was a non-immigrant visa. There's a lot of evidence that says he did know it was a non-immigrant visa. The visa itself had an expiration date smack on it. He's a world traveler. He knows whether when he has to leave a country and when he doesn't, there was other evidence that we put forward when they filed a motion in the district court to show additional evidence. But that's not in front of this court at this point. Had Johnson been decided that would have tried to get that in earlier, but I All right, go ahead. Just wait. If you have one last question. Yeah, just one more question. If the district court got it right and had the elements correct, couldn't his client take the stand and say, I actually didn't know that my H-1B1 visa was a non-immigrant visa? Well, he could, but he didn't take the stand to say he didn't know he possessed the firearm either. And that was his defense. His defense of the trial was, I did not know he possessed his firearm. He never took the stand to say that. He had his wife to try and establish that through hearsay. And so why is there any reason to believe he would have taken the stand to say that? I have email showing that he knows he's not a permanent resident, that he wants to change his status. That didn't come into the record at a trial because it was not an issue at trial. But there's no reason to believe he would have taken the stand to say, I didn't know this was a non-immigrant visa. And then I would have cross-examined him on Exhibit 68, the application for the visa. And I would have cross-examined him on Exhibit 43, which is the actual visa itself. And it would have shown him that he knew, as a world traveler, what an immigrant visa was versus a non-immigrant visa. Thank you. Mr. Stansel-Jones, you have two minutes. Thank you, Your Honor. And I think exactly the point is we would welcome that opportunity to actually have evidence and argument on this element. Mr. Stansel-Jones, on that point, I understand your point, your argument would be, I didn't have a chance to dispute that because at the time, the defendant would have disputed it. But then, does that mean in every re-hage type of case, we have to reverse? Because by definition, the defendant wouldn't have disputed it. And here, it seems there is quite overwhelming evidence, including his admission to the officer at his home that he knew he couldn't own the gun. So how should we, in the future, in these type of cases, handle that? Your Honor, I think the approach set forth by this court in Johnson is the right approach. You have to make a judgment call about whether there is a misdemeanor or not. I'm going to take Ms. Kavanaugh's testimony because that's some of the most important evidence. She did not say Mr. Geer helped him on the application. If you read ER 72 and 110, that is not what she testifies to. And she repeatedly testifies that she does not understand immigration law. She says that at ER 95. And there's this very telling exchange at ER 115 through 117, where Mr. Silverberg on cross-pressure, what do you know about immigration law? What do you know about immigration law? She keeps saying, I don't know. And then there's a sidebar, Mr. Silverberg complains that she's being non-responsive. And Judge Mulway says, well, part of the problem, counsel, is you're questioning her as if she's a lawyer. You're asking her questions about immigration law that she doesn't understand, which is the overall point of this. Yes, it is very hard to prove this particular crime, and it should be hard to prove. If Congress wants to make it easier to prove this crime, it can amend the statute. But what the statute requires under Rehave is knowledge of any non-immigrant visa. That is, as Judge Silverberg has said, an enormously complicated legal question. That is an enormously complicated. The evidence at that point... But there is an answer. As I have gone through, and you could tell me why I'm wrong, there's no definition in the statute of non-immigrant visa that I could find. There's a definition of alien, there's a definition of immigrant, then you take from that what a non-immigrant is, and then there's a definition of what a non-immigrant visa can be. And if you work down from that, the non-immigrant visa includes the non-immigrant visa we had in this case. So what I'm saying is, wouldn't the instruction have been the same? Assuming that we had Rehave, the judge had Rehave, she would have to instruct that not only did he have to know... Well, that he'd have to know it was a non-immigrant visa, and what that would mean is that he'd have to know that he had an H1B visa, and that by that, he could not possess a firearm. Otherwise, I think it has been mentioned that you're never gonna have conviction in these cases. So maybe that was what Alito was inferring from the majority opinion. But frankly, I'm sure you did, but I didn't know what a non-immigrant visa was until I went through the entire process of finding the particular non-immigrant visa we have here, and there are many other non-immigrant visas. Your Honor, I still don't know. It's very complicated. And I think that's, again, that kind of proves the point. Yes, it's hard to prove, and that's okay. Congress can amend the statute if it wants to make it easier to prove somehow and clarify what the elements are, but the elements right  And I do not think the evidence is... I mean, our position is that it's preserved under the Ninth Circuit's Futility Doctrine, but even under plain error, I do not think that is met here. And Your Honor, my last thing I would say is I really think Rahaf is very closely on point, in part because it's an immigrant case. The facts are very closely on point. If you look at not only Rahaf, but the decisions on remand, it is almost on all fours for this case, and Rahaf, the trial court ultimately applying the correct legal standard, granted a new trial. Even though the trial court conceded there is jury to determine this, and that is what we are requesting. He is facing a major sanction for a relatively minor offense. All we are requesting is a jury verdict on an element of the offense. Thank you. Case has been submitted.
judges: Silver, Lee, Bumatay